UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| RUBIN LUBLIN, PLLC, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | NO. 3:24-cv-00752 |
|  | ) |  |
| DANIEL S. GREENBERG, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

**MEMORANDUM OPINION AND ORDER**

By Order entered July 23, 2024, this matter was transferred to the docket of the undersigned as related to Case No. 3:24-cv-00591. (Doc. No. 15).

Defendant Daniel Greenberg, a Florida resident appearing pro se, initiated this action by filing a Petition and "Notice of Removal from the Chancery Court for Davidson County TN" with attached exhibits (Doc. No. 1; see also Doc. No. 7), an application for leave to proceed in forma pauperis (IFP) (Doc. No. 2), and a motion for electronic filing privileges. (Doc. No. 3).

On July 9, 2024, Defendant filed a Motion for Temporary Restraining Order (TRO) (Doc. No. 10), one day after co-defendant Carla Gifford moved to remand the matter to state court. (Doc. Nos. 9–12). On July 11, Defendant requested a hearing on the Motion for TRO. (Doc. No. 14). On July 16, 2024, Plaintiff Rubin Lublin, PLLC filed a Motion to Remand. (Doc. No. 12).

**I. THE FILING FEE**

Removal actions are subject to the $405 civil filing fee, 28 U.S.C. § 1914(a), which may be waived upon a demonstration that the removing party cannot afford to pay the fee "without undue hardship." Foster v. Cuyahoga Dep't of Health and Human Servs., 21 F. App'x 239, 240

(6th Cir. 2001); see also, e.g., Shannon v. Omni Logistics LLC, No. EP-23-CV-384-KC, 2023 WL 8113826, at *1 (W.D. Tex. Nov. 22, 2023) (stating that "IFP status does not require absolute destitution," but should be based on consideration of "whether the movant can afford the costs of proceeding without undue hardship or deprivation of the necessities of life") (citation omitted). Defendant's IFP application sufficiently demonstrates his inability to pay the filing fee. Accordingly, pursuant to 28 U.S.C. § 1915(a)(1), the IFP application (Doc. No. 2) is **GRANTED**.

## II. INITIAL REVIEW

Because Defendant proceeds IFP, the Notice of Removal is subject to review to determine if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B); see Ongori v. Hawkins, No. 16-2781, 2017 WL 6759020, at *1 (6th Cir. Nov. 15, 2017) ("[N]on-prisoners proceeding in forma pauperis are still subject to the screening requirements of § 1915(e)."); State of W. Virginia v. Jones, No. 1:24-CV-26, 2024 WL 2703287, at *6 (N.D.W. Va. May 1, 2024) (applying screening provisions of § 1915(e) to notice of removal); Kondaur Cap. Corp. v. Finley, No. 2:20-CV-02423-JTF-TMP, 2020 WL 6200189 (W.D. Tenn. Oct. 22, 2020) (same); Prop. Servs. of Atlanta v. Thomas, No. 1:19-CV-0030-AT, 2019 WL 8953360 (N.D. Ga. Jan. 7, 2019) (same). And, in any event, the Court has a duty in every case to assure itself that the exercise of subject-matter jurisdiction is proper. Answers in Genesis of Kentucky, Inc. v. Creation Ministries Int'l, Ltd., 556 F.3d 459, 465 (6th Cir. 2009). As detailed below, because this case was improperly removed and the Court lacks jurisdiction to further consider it, the matter will be remanded to state court.

A. Facts

Defendant seeks to remove "case # 23-1069-III from The Chancery Court [of] Davidson County[,] Tennessee" to this Court under 28 U.S.C. § 2241. (Doc. No. 1 at 4; Doc. No. 7 at 5).

2

According to the Notice of Removal and its exhibits, case number 23-1069-III began with a Petition for Interpleader filed on August 4, 2023, by plaintiff Rubin Lublin TN PLLC ("plaintiff firm"), as substitute trustee with regard to real property formerly owned by Defendant, against Defendant and three co-defendants: Carla Gifford (Defendant's ex-wife), the Estate of Marian Wise (Defendant's deceased mother), and the Village of Cherry Glen Association, Inc. (Doc. No. 1-1 at 1–6). The plaintiff firm held excess proceeds in the amount of $414,632.17 after the foreclosure sale of the subject property. (Id. at 5). It determined that each of the defendants had asserted or could assert an interest in those proceeds, and so petitioned the Chancery Court for a determination of the rights of the various claimants. (Id. at 1–6). In response to the Petition for Interpleader, on September 11, 2023, Defendant filed an answer, a cross-claim against certain co-defendants, and a "3rd Party Claim for Interpleader" against a host of third-party defendants, including judges and other public officials in California and Tennessee. (Doc. No. 1-2 at 91–108).[1] Because the third-party claims against sitting Tennessee judges in case number 23-1069-III, as well as in an earlier-filed, related interpleader case (number 23-0224-I, involving proceeds from the foreclosure sale of different real property held by Defendant), forced the recusal of other active Chancery Court judges, the Tennessee Supreme Court appointed Senior Judge Vanessa Jackson to preside over both cases on October 12, 2023. (See Doc. No. 1-3 at 30–32; Doc. No. 1 at 7). Defendant objected to Judge Jackson presiding over both cases (see Doc. No. 1 at 7; Doc. No. 1-2 at 4) and moved to disqualify her. (Doc. No. 1-2 at 109–128). The disqualification motion was

---

[1] In brief, Defendant's dispute with the third-party defendants appears to have arisen from family court proceedings in California which culminated in 2017–2019, when a guardian ad litem was appointed for Defendant due to a finding that he was unable to represent himself at trial, and when issues of marital dissolution, distribution of marital property, and child custody, visitation, and support were adjudicated. (See Doc. No. 1-1 at 45–118). Tennessee officials appear to be named third-party defendants as a result of proceedings to enforce the California family court orders in Tennessee. (See Doc. No. 1-2 at 103).

unsuccessful, and the litigation of both cases proceeded apace.

On March 19, 2024, Defendant petitioned the Chancery Court for removal of the interpleader cases to federal court (Doc. No. 1-2 at 1–2; Doc. No. 1-2 at 22–44), and on March 25, he sought to compel Judge Jackson to rule on certain matters in both cases under writ of mandamus. (Doc. No. 1-2 at 53–71; see Doc. No. 1 at 8). Winning no relief from Judge Jackson—who despite Defendant's attempts to remove his cases to federal court,[2] has proceeded to exercise jurisdiction in both cases, dismissed his cross- and third-party claims on April 1, 2024 (see Doc. No. 1-3 at 116–130), and set a hearing on motions in the Chancery Court on July 29, 2024 (see Doc. No. 10-1 at 80–88)—Defendant filed his Notice of Removal in this Court in June, followed by his recent, emergency motion to enjoin the ongoing Chancery Court litigation. (Doc. No. 10). His Notice of Removal identifies the crux of his issue with the Chancery Court's handling of his two cases, amid their confluence (as Defendant sees it) with the litigation in California, as follows:

> Judge Jackson's 23-0224-I refusal to take Judicial Notice of the [California court's] *sua sponte* appointment of a Guardian ad Litem to an adult Daniel Greenberg should not prevent these Facts and Laws from being judicially noticed in 23-1069-III. It most assuredly has. Further obstructing Justice[.] . . . This bias is constitutionally intolerable, abusive and is corrupting the judicial process. For The Chief Justice of The Tennessee Supreme Court to think this is permissible under the law is frightening and unconscionable. Judicial Notice is mandatory.

(Doc. No. 10-1 at 14).

As grounds for the requested removal, Defendant cites the existence of "federal question(s)" arising under 42 U.S.C. § 1983 (Doc. No. 1 at 5–6), as well as:

> the need for the case to be heard in federal court due to concerns of impartiality and the integrity of the judicial process. Specifically, the [third-party] Defendants in this case include members of the state and state judiciary, raising serious doubts about the possibility of obtaining a fair trial within the state court system. Judge

---

[2] In addition to this attempt to remove case number 23-1069-III, on May 10, 2024, Defendant filed a Notice of Removal of case number 23-0224-I. See Robertson, Anschutz, Schneid, Crane & Partners, PLLC v. Greenberg, et al., No. 3:24-cv-00591.

4

> Vanessa Jackson cannot IMPARTIALLY make the decision as to whether or not her colleagues, those responsible for appointing her, are/can be sued without further corrupting the judicial process. … Additionally, new and tolling allegations of fraud upon the court have been levied, further necessitating the transfer of this case to federal jurisdiction, where the resources and procedures available are better equipped to handle such complex matters and ensure the protection of the rights of all parties involved.

(Id. at 4–5).

In his TRO Motion, Defendant accuses Judge Jackson of "attempting to subvert/corrupt the legal process" by continuing to enter orders in the Chancery Court despite his removal of the cases to this Court, and by conspiring with the lawyers who appear before her "to cause immediate financial harm to [Defendant] and The Estate of Marian Wise." (Doc. No. 10 at 4–5). He "assert[s] that the state actors['] malicious actions are clear violations of sections 1983 and 1986, the authorities of the Ku Klux Klan Act of 1871." (Id. at 6).

B. Analysis

1. Legal Standard

Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). District courts have original, federal-question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, and over actions where more than $75,000 is at stake between citizens of different states, 28 U.S.C. § 1332.[3] A matter "arises under" federal law if "a well-

---
[3] Defendant notes the "Diversification of Jurisdiction" among the various third-party defendants (Doc. No. 1 at 6–7), and specifically invokes diversity jurisdiction as described in 28 U.S.C. § 1332. (Id. at 7). However, the Court notes that this action is not removable solely on the basis of diversity jurisdiction because the defendants in interest here include citizens of the State of Tennessee, where the interpleader action was brought. See 28 U.S.C. § 1441(b)(2). Accordingly, this opinion focuses on federal-question jurisdiction as the justification for removal.

pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Empire Healthchoice Assurance v. McVeigh, 547 U.S. 677, 690 (2006) (quoting Franchise Tax Bd. v. Constr. Laborers Vacation Tr. for S. Cal., 463 U.S. 1, 27–28 (1983)). The federal question "must be an element, and an essential one, of the plaintiff's cause of action" as described on the face of the complaint. Phillips Petroleum Co. v. Texaco, Inc., 415 U.S. 125, 127 (1974). A federal question that is only disclosed in a response to the complaint will not suffice as a basis for jurisdiction, nor will one that is disclosed in the complaint's anticipation of a probable defense, rather than in its establishment of the plaintiff's cause of action. Id. at 127–28; see also Vaden v. Discover Bank, 556 U.S. 49, 60–61 (2009) (finding that federal courts determining whether a case arises under federal law cannot be obliged to consider the contents of responsive pleadings, but only the contents of the complaint).

Although it is broadly proper to remove state cases that present (or necessarily implicate) substantial questions of federal law, nevertheless, "[t]he removal jurisdiction of the federal courts is to be scrupulously confined." Meriwether v. Metro. Life Ins. Co., No. 3:16-cv-02463, 2017 WL 6442141, at *2 (M.D. Tenn. Dec. 18, 2017) (quoting Nixon v. James, 174 F. Supp. 2d 739, 742 (M.D. Tenn. 2001) (citation and internal quotation marks omitted)). Even when a removed case "discloses a contested and substantial federal question," it must be scrutinized for "any disruptive portent" of the exercise of federal jurisdiction to the balance between state and federal authority. Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 313–14 (2005). There is a "strict policy" against retaining federal jurisdiction when to do so would threaten "the sovereignty of state governments and state judicial power." Nixon, 174 F. Supp. 2d at 742 (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108–09 (1941)).

6

The procedure for removal of state cases to federal court is governed by 28 U.S.C. § 1446. Subsection (b) of that statute requires a notice of removal to be filed within 30 days of the defendant's receipt of service of the complaint. 28 U.S.C. § 1446(b)(1).

2. Conclusions

In this case, the Court's removal jurisdiction is clearly not properly invoked. In addition to filing his Notice of Removal more than 30 days after being served with the Petition for Interpleader—a waivable procedural defect—Defendant has not satisfied the unwaivable requirement of establishing a basis for the Court's exercise of subject-matter jurisdiction. Page v. City of Southfield, 45 F.3d 128, 133 (6th Cir. 1995). Defendant's assertion of federal questions within the Court's original jurisdiction under 28 U.S.C. § 1331 exclusively refers to those "brought forth in [his] 3rd Party Complaint" under Section 1983 (see Doc. No. 1 at 5–6) or in an affidavit he filed in an altogether different proceeding in Davidson County Circuit Court. (Id. at 6). But "the 'civil action . . . of which the district cour[t]' must have 'original jurisdiction' is the action as defined by the plaintiff's complaint," not as defined by the defendant's "filing of counterclaims that included . . . allegations against a third party." Home Depot U. S. A., Inc. v. Jackson, 587 U.S. 435, 139 S. Ct. 1743, 1748–49 (2019). Here, the plaintiff firm's Petition for Interpleader was filed "pursuant to Tenn. R. Civ. P. 22.02" (Doc. No. 1-1 at 1), without any mention of a federal issue or cause of action.

Nevertheless, the Court notes that it has original jurisdiction over certain interpleader actions under the Federal Interpleader Act. That Act, codified at 28 U.S.C. § 1335, has been found to provide the jurisdictional basis for removal of a Tennessee interpleader case from chancery court to this Court. See Watson v. Cartee, 817 F.3d 299, 303–04 (6th Cir. 2016). The statute grants district courts "original jurisdiction over any civil interpleader action contesting a fund of $500 or

7

Case 3:24-cv-00752   Document 16   Filed 07/25/24   Page 7 of 10 PageID #: 669

more," but only "if two or more adverse claimants are of diverse citizenship." Id. at 303 (citing § 1335(a)–(a)(1)). The burden of establishing such diversity of citizenship "falls on the party seeking federal jurisdiction—here, [the removing] Defendant." Naji v. Lincoln, 665 F. App'x 397, 400 (6th Cir. 2016) (citing Her Majesty the Queen in Right of the Province of Ont. v. City of Detroit, 874 F.2d 332, 339 (6th Cir. 1989)). For these purposes, "[t]he diversity of the parties is determined on the basis of their state citizenship—that is to say their domiciles." Id. (citing Von Dunser v. Aronoff, 915 F.2d 1071, 1072 (6th Cir. 1990)). "Domicile is something more than residency," but the latter may serve as prima facie evidence of the former "where the record reveals no contrary indications." Id. (citing Fort Knox Transit v. Humphrey, 151 F.2d 602, 602–03 (6th Cir. 1945)).

Defendant in this case has failed to plead or otherwise demonstrate that any two claimants to the excess proceeds at issue are of diverse citizenship. See Watson, 817 F.3d at 303–04 (citing State Farm Fire & Cas. Co. v. Tashire, 386 U.S. 523, 530 (1967) (holding that § 1335 "require[s] only 'minimal diversity,' that is, diversity of citizenship between two or more claimants, without regard to the circumstance that other rival claimants may be co-citizens")). All three claimants besides Defendant—Carla Gifford, the Estate of Marian Wise, and Village of Cherry Glen— appear to be domiciled in Tennessee. As for Defendant, although his filings have been mailed from a post office box in Boca Raton, Florida, he stated in his IFP application that he is currently "[h]omeless and living with family," that he has a Tennessee driver's license and phone number, and that his "last permanent residence" was in Nashville. (Doc. No. 2 at 5). He also stated in his Chancery Court filings that he "is a resident of Davidson County" and "of The State of Tennessee," and that his "vacation mailing address is PO Box 812171, Boca Raton, FL 33481." (Doc. No. 1-2 at 94, 97). Accordingly, although this interpleader action contests more than $500, it does not appear to involve "[t]wo or more adverse claimants, of diverse citizenship," as required by Section

8

1335(a)(1).

Ultimately, even if removal could be justified under Section 1335 or otherwise, the exercise of removal jurisdiction to address Defendant's "concerns of impartiality and the integrity of the judicial process" in Judge Jackson's court (Doc. No. 1 at 4) would be entirely unwarranted and "subject to . . . veto" due to its "disruptive portent" concerning the balance of federal and state judicial power. Grable, 545 U.S. at 313–14. That disruptive portent is plain in this case where, after Defendant's third-party claims rendered the litigation sprawling and subjected Davidson County's active chancellors to conflicts forcing their recusal, he then attempted to make a federal case out of the State's effort to consolidate matters before special appointee Judge Jackson, who he claims is unconstitutionally biased and whose appointment to case number 23-1069-III he claims was the result of "[j]udicial deception and malicious abuse of process." (Doc. No. 1 at 13). Defendant's emergency injunctive motion levels even more scandalous (and fanciful[4]) allegations against Judge Jackson, the Chancery Court Clerk, and other state judicial officers including Tennessee Supreme Court Chief Justice Holly Kirby. (See Doc. No. 10 at 4–7). Even if a federal question might be implicated, a state-court case cannot be removed upon allegations of illegal and corrupt case-administration so that "the judges of the federal courts [can] put their brethren of the state judiciary on trial." City of Greenwood, Miss. v. Peacock, 384 U.S. 808, 828 (1966); see also JMG Realty v. Jackson, No. 1:18-CV-4239-AT-LTW, 2018 WL 6737710, at *2 (N.D. Ga. Oct. 25, 2018) (finding that federal law "does not provide a basis for the federal courts to police the conduct of state court judges or confer federal jurisdiction over disputes involving alleged misconduct of state court judges"; recommending remand of improperly removed eviction case),

---

[4] The TRO Motion describes Judge Jackson's purported award of attorneys' fees to attorneys Whitehead, Maher, and Bellamy, to be paid "from the life estates of now deceased Marian Wise, her 3 beneficiaries, and Daniel S Greenberg" in exchange for the attorneys' agreement to remain silent about collusion among the jurists of the lower courts and the Tennessee Supreme Court to defraud litigants. (Doc. No. 10 at 5).

adopted, 2018 WL 6715758 (N.D. Ga. Oct. 26, 2018). The responsibility to address such allegations lies with the courts of the state, both trial and (if necessary) appellate. This Court cannot entertain Defendant's claim that state judicial misconduct in ongoing civil litigation violates his federal rights "without disturbing [the] balance of federal and state judicial responsibilities." Grable, 545 U.S. at 314. Defendant's effort to remove on these grounds is frivolous.

### III. CONCLUSION

In light of the foregoing, this matter fails to survive review under 28 U.S.C. § 1915(e)(2)(B), inasmuch as there are no nonfrivolous grounds upon which to base the Court's removal jurisdiction under 28 U.S.C. § 1441. Accordingly, this case is hereby **REMANDED** to the Davidson County Chancery Court. All pending motions are **DENIED** as moot. The Court **CERTIFIES** that any appeal from this Order would not be taken in good faith under 28 U.S.C. § 1915(a)(3).

The Clerk shall close the file.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE